YUEN & YUEN, ESQS
132 Nassau Street
Suite 1300
New York, NY 10038
Tel: (212) 608-1178
Fax: (212) 608-2913
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

PRINCE OF PEACE ENTERPRISES, INC.

                              Plaintiffs,

                              -against-

TOP QUALITY FOOD MARKET, LLC, A & C
SUPERMARKET, INC., FAVOR FOOD, INC. a/k/a
BEST QUALITY FOOD MARKET, W.J. INC. a/k/a
KAM CUI YAO CHOI HONG, MADISON ONE
ACME, INC. a/k/a SOLSTICE MEDICINE
COMPANY, MURRAY INTERNATIONAL
TRADING CO., INC., WEI YOUNG, BOR WEN
HUANG, CINDY SU a/k/a KAUK YU SU, WAI
HUNG NG, TU CHIN LIN, XUIYAN HUANG,
YINGHAI SHI and  JOHN and JANE DOES,
No.1-50".

                              Defendants.

-------------------------------------------------------------X

CASE NO.

07-cv-0349 (RJH)

ECF CASE

**FIRST AMENDED
COMPLAINT FOR:
(1) TRADEMARK
INFRINGEMENT; (2) FALSE
DESIGNATION OF ORIGIN,
FALSE DESCRIPTION AND
REPRESENTATION;  (3)
FEDERAL TRADEMARK
DILUTION;  (4) STATE
DILUTION; and (5) UNFAIR
COMPETITION**

Plaintiff PRINCE OF PEACE ENTERPRISES, INC. (hereinafter "Plaintiff") bring

this action against the named defendants for injunctive relief and damages under the laws of the

United States and the State of New York, as follows:

1

## SUBJECT MATTER JURISDICTION AND VENUE

### JURISDICTION

1.     This Court has subject matter jurisdiction over the claims in this action which relate

to trademark infringement, trademark dilution, false designation of origin, false description and

representation pursuant to the provisions of 15 U.S.C. § 1121 and 28 U.S.C. § 1331.

2.     This Court has supplemental jurisdiction over the claims in this Complaint which

arise under state statutory and common law of the State of New York pursuant to 28 U.S.C. §

1367(a), since the state law claims are so related to the federal claims that they form part of the

same case or controversy and derive from a common nucleus of operative fact.


### VENUE

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).  The infringing

products which are the subject of this litigation were distributed and offered for distribution in the

Southern District of New York.

4.     The claims alleged in this action arose in the Southern District of New York.

5.     The Defendant Top Quality has its principal place of business within the District of

New Jersey and Defendant A & C Supermarket, Inc. ("A & C Supermarket") has its principal place

of business within the Eastern District of New York.  The Southern District of New York is a

proper venue because common issues of fact and law are presented with other defendants, all of

whom are located within the Southern District of New York.

2

## PARTIES AND PERSONAL JURISDICTION

### PLAINTIFF: PRINCE OF PEACE ENTERPRISES, INC.

7.      Plaintiff Prince of Peace Enterprises, Inc. (hereinafter also referred to as "POP") is a corporation duly organized and existing under the laws of the State of California with its principal place of business at 3536 Arden Road, Hayward, CA 94545.      POP is the exclusive distributor of Po Chai Pills in the United States.

### DEFENANTS TOP QUALITY FOOD MARKET, LLC, WEI YOUNG and BOR WEN HUANG

8.      Upon information and belief Defendant Top Quality is a limited liability company organized and existing under the laws of New Jersey, having an office and principal place of business at 828 Route 46, Parsippany, NJ.      Defendant Top Quality is transacting and doing business within this judicial district and has committed the acts complained of herein within 100 miles of the courthouse of this judicial district.   Defendant Top Quality may be served pursuant to Rule 4 of the Federal Rules of Civil Procedure.

9.      Defendant Wei Young is, on information and belief, an employee, officer or agent of Top Quality Food Market, LLC.   Defendant Wei Young may be served pursuant to Rule 4 of the Federal Rules of Civil Procedure.

10.      Defendant Bor Wen Huang is, on information and belief, a resident of the State of New York and may be served pursuant to Rule 4 of the Federal Rules of Civil Procedure.

11.      Defendant Bor Wen Huang, on information and belief, doing business as Top Quality Food Market, LLC.

12.     Defendant Bor Wen Huang is, on information and belief, a member, officer or director of Top Quality Food Market, LLC

## DEFENDANTS A & C SUPERMARKET INC., TU CHIN LIN, XUIYAN HUANG AND YINGHAI SHI

13.     Upon information and belief Defendant A & C Supermarket is a corporation organized and existing under the laws of New York, having an office and principal place of business at 41-41 Kissena Blvd., Flushing, NY.     Defendant A & C Supermarket may be served pursuant to Rule 4 of the Federal Rules of Civil Procedure.

14.     Defendant Tu Chin Lin is, on information and belief, employees, officers or agents of Defendant A & C Supermarket.

15.     Defendant Xuiyan Huang is, on information and belief, employees, officers or agents of Defendant A & C Supermarket.

16.     Defendant Yinghai Shi is, on information and belief, employees, officers or agents of Defendant A & C Supermarket.

## DEFENDANTS FAVOR FOOD INC., BEST QUALITY FOOD MARKET AND CINDY SU (a/k/a KAUK YU SU)

17.     Upon information and belief Defendant Favor Food, Inc. ("Favor Food") is a corporation organized and existing under the laws of New York, having an office and principal place of business at 22 ½ Catherine St., New York, NY. Defendant Favor Food is transacting and doing business in this judicial district and has committed the acts complained of herein in this

4

judicial district. Defendant Favor Food may be served pursuant to Rule 4 of the Federal Rules of Civil Procedure.

18.    Defendant Favor Food is, on information and belief, doing business under the name Best Quality Food Market. Defendant Best Quality Food Market may be served pursuant to Rule 4 of the Federal Rules of Civil Procedure.

19.    Defendant Cindy Su a/k/a Kauk Yu Su is, on information and belief, an employee, officer or agent of Defendant Favor Food.

## DEFENDANT W.J. INC. (a/k/a KAM CUI YAO CHOI CHONG)

20.    Upon information and belief Defendant W.J. Inc., a/k/a Kam Cui Yao Choi Hong ("W.J.") is a corporation organized and existing under the laws of New York, having an office and principal place of business at 125 Canal St., New York, NY. Defendant W.J. is transacting and doing business in this judicial district and has committed the acts complained of herein in this judicial district. Defendant W.J. may be served pursuant to Rule 4 of the Federal Rules of Civil Procedure.

21.    Defendant Wai Hung Ng is, on information and belief, an employee, officer or agent of Defendant W.J. Inc.

## DEFENDANT MURRAY INTERNATIONAL TRADING CO., INC.

22.    Defendant Murray International Trading Company, Inc. ("Murray") is on information and belief, a New York corporation with its principal place of business at 61B Bayard

5

St., New York, New York. Defendant Murray International is on information and belief, involved in the wholesale distribution of the infringing Po Chai Pills. Defendant Murray International Trading Co., Inc. may be served pursuant to Rule 4 of the Federal Rules of Civil Procedure.

## DEFENDANT MADISON ONE ACME, INC.
### (a/k/a SOLSTICE MEDICINE COMPANY)

23.     Defendant Madison One Acme, Inc. a/k/a Solstice Medicine Company ("Madison One") is on information and belief a California corporation with its principal place of business at 215 W. Ann Street, Los Angeles, CA 90012.

24.     Upon information and belief, Defendant Madison One Acme, Inc. conducts business in within the judicial district of this Court.  Defendant Madison One Acme, Inc. may be served pursuant to Rule 4 of the Federal Rules of Civil Procedure.

25.     Hereinafter defendants named above will be collectively referred to as "Defendants".

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

26.     Plaintiff is the assignee of the following registration in the Principal Register of the United States Patent and Trademark Office: Reg. Nos. 3065427, 3122730, 3122729, 2537896, and 1840260.  A copy of the registrations  and records of the United State Patent  and Trademark Office is annexed hereto as Exhibit A.

27.     Said registrations are in full force and effect and have become incontestible

6

pursuant to 15 U.S.C. § 1065.

28.     The trademarks have been in use for many for many years on and in connection with the herbal remedy Po Chai Pills.

29.     Plaintiff has been appointed as the exclusive distributor Po Chai Pills in the United States by Li Chung Shing Tong (S) Pte Ltd. A copy of the Assignment is annexed hereto as Exhibit B.

30.     Plaintiff is authorized to maintain quality control over the Po Chai Pills products in the United States.

31.     POP routinely removes expired Po Chai Pills products from its retailers' shelves.

32.     Plaintiff, through its investigators, purchased goods bearing infringing mark of Po Chai Pills identical to that of the Plaintiff's registered mark from defendants TOP QUALITY FOOD MARKET, LLC, A & C SUPERMARKET, INC., FAVOR FOOD, INC., W.J. INC. a/k/a KAM CUI YAO CHOI HONG.  A copy of the receipt and packaging of the infringing products is annexed hereto as Exhibits C to F.

33.     Upon Plaintiff's request, the Court has on January 17, 2007, issued a Seizure Order and Order to Show Cause for Preliminary Injunction, authorizing Plaintiff to enter and search the business locations of Defendants Top Quality Food Market, LLC, A & C Supermarket, Inc, Favor Food, Inc. and W.J. Inc.

34.     With the assistance and supervision of the United States Marshal, Plaintiff has on January 28, 2007 entered the place of business of Defendant Top Quality Food Market, LLC and found infringing Po Chai Pills products bearing the Plaintiff's registered Trademark.

35.     The infringing products found and seized from Defendant Top Quality Food

7

Market, LLC is listed in Exhibit G.

36.     With the assistance and supervision of the United States Marshal, Plaintiff has on January 28, 2007 entered the place of business of Defendant A & C Supermarket, Inc. and found infringing Po Chai Pills products bearing the Plaintiff's registered Trademark.

37.     The infringing products found and seized from Defendant A & C Supermarket, Inc. is listed in Exhibit H.

38.     With the assistance and supervision of the United States Marshal, Plaintiff has on January 28, 2007 entered the place of business of Defendant Favor Food, Inc and found infringing Po Chai Pills products bearing the Plaintiff's registered Trademark.

39.     The infringing products found and seized from Defendant Favor Food, Inc. is listed in Exhibit I.

40.     With the assistance and supervision of the United States Marshal, Plaintiff has on January 28, 2007 entered the place of business of Defendant W.J. Inc. and found infringing Po Chai Pills products bearing the Plaintiff's registered Trademark.

41.     The infringing products found and seized from Defendant W.J. Inc. is listed in Exhibit J.

42.     During the search and seizure, the identities of the other Defendants were ascertained and hereby added as defendants in this First Amended Complaint.

43.     Defendants did not purchase the infringing goods bearing Po Chai Pills mark from POP.

44.     Plaintiff has not authorized the importation, distribution or sale of the products offered for sale by Defendants in the United States.

8

45.     Defendant Murray International Trading Co., In. is, on information and belief, the wholesale supplier of infringing Po Chai Pills to one or more Defendants.

46.     Defendant Madison One Acme, Inc., is, on information and belief, the wholesale supplier of infringing Po Chai Pills to one or more Defendants.

## COUNT I

### [Federal Trademark Infringement]

47.     Plaintiff realleges and incorporates by this reference, each and every allegation set forth in the previous paragraphs.

48.     As previously described in this Complaint, Plaintiff has enjoyed long, continuous and exclusive use of its trademark on the products it advertise, promote and sell in the United States. As a result of this long, continuous use, that the Plaintiff's trademark has come to identify the products of the Plaintiff, and are the means by which those products are distinguished from the products of others in the same and related fields.

49.     Defendants' importation, distribution, offer for sale and/or sale of unauthorized products bearing copies of Plaintiff's registered trademark have been without the consent of the Plaintiff and, in particular, tends to and is likely to cause confusion and mistake in the minds of the purchasing public in the United States.

50.     Further, the activities of Defendants singly and jointly are intended to and are likely to falsely create the impression that the products distributed by Defendants originate with, are sponsored by, are associated with or are authorized for such distribution by Plaintiff in the United States, when in fact, they are not. Defendants' activities described herein constitute willful and deliberate infringement of Plaintiffs' federally registered trademarks in violation of the Lanham

9

Act including, but not limited to 15 U.S.C. 1114(1).

51.     The activities of Defendants as alleged in this Complaint have caused and will continue to cause irreparable harm to the Plaintiff for which the Plaintiff has no adequate remedy at law in that (i) if the Defendants' wrongful conduct continues, consumers are likely to become further confused as to the source or association of Plaintiff's products in the United States; (ii) Plaintiff's products are unique and valuable property which have no readily determinable market value; (iii) the activities of infringement by Defendants constitute an interference with Plaintiff's good will and customer relationships in the United States; and (iv) Defendants' wrongful conduct and the damages resulting to the Plaintiff is continuing.  Accordingly, the Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

52.     As a result of the foregoing the Plaintiffs have been damaged in an amount which is not precisely ascertainable, but which will be alleged by amendment at such time as it is precisely ascertained.  In addition, the plaintiff are entitled to treble damages and attorneys fees pursuant to 15 U.S.C. § 1117(b).

## COUNT II

### False Designations of Origin, False Descriptions and Representations (15 U.S.C. § 1125(a))

53.     The Plaintiff realleges and incorporates by this reference, each and every allegation set forth in the previous paragraphs.

54.     Defendants have affixed, applied or used in connection with their import, export, distribution, offer for sale and sale of goods, false designations of origin, false descriptions and representations, including words or other symbols which tend falsely to describe or represent

10

Defendants' goods in the United States.  Defendants have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin, descriptions and representation, all to the detriment of the Plaintiff.  The Plaintiff believes that it is likely to be damaged by the use of such false designation of origin, false and/or misleading descriptions and/or representation, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

55.     As a result of the foregoing, the Plaintiff has been damaged in an amount which is not precisely ascertainable, but which will be alleged by amendment at such time as it is precisely ascertained.  In addition, the plaintiff is entitled to treble damages and attorneys fees pursuant to 15 U.S.C. § 1117(b).  The Plaintiff is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

## COUNT III

## Federal Trademark Dilution  (15 U.S.C. § 1125(c))

56.     The Plaintiff reallege and incorporates by this reference, each and every allegation set forth in the previous paragraphs.

57.     As previously set forth herein, the Plaintiff's trademark is used and recognized as distinctive marks representing products of quality worldwide and in the United States.

58.     Long after Plaintiff's Trademark became recognizable on products in their market, Defendants affixed, applied, distributed and sold products similar to that of the Plaintiff bearing copies of Plaintiff's trademark in the United States.  By using and trading upon Plaintiff's trademark in the United States, Defendants' acts tend to falsely create the impression that Defendants' products originated with, are associated with or are authorized for distribution by the Plaintiff in the United States, when in fact, they are not.

59.     The aforesaid acts of Defendants have actually diluted the distinctive quality of the

11

Plaintiff's registered trademark in violation of the Lanham Act, 15 U.S.C. § 1125(c).

60. As a result of the foregoing the Plaintiff has no adequate remedy at law, and are suffering irreparable harm. The Plaintiff are entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

## COUNT IV

### Dilution (Under Section 368-D of the N.Y. Gen. Bus. Law)

The Plaintiff reallege and incorporates by this reference, each and every allegation set forth in the previous paragraphs.

Defendants' acts and conduct as previously alleged in this Complaint constitutes dilution of the distinctive qualities of the Plaintiff's trademark within the meaning of New York's Anti-Dilution Statute, N.Y. Gen. Bus. Law Section 368-D., in that said use causes likelihood of confusion or of misunderstanding as to the source, sponsorship or approval of Defendants' products and will likely cause a blurring of the distinctive source identification quality of the Plaintiff's trademark in the United States.

Unless this Court enjoins Defendants, under the provisions of N.Y. Gen Bus. Law Section 368-D., Defendants will continue to engage in activities which dilute the distinctive quality of the Plaintiff's trademark thereby deceiving the purchasing public and causing Plaintiff's immediate irreparable damage and injury for which it has no adequate remedy at law.

## COUNT V

### Common Law Unfair Competition

64. The Plaintiff reallege and incorporates by this reference, each and every allegation

12

set forth in the previous paragraphs.

65.     The acts and conduct of Defendants alleged in this Complaint constitute unfair competition under the common law of this State.

66.     The Plaintiff is informed and believe and on that basis allege that Defendants have committed the acts alleged with previous knowledge of the Plaintiff's prior use and superior rights to its trademark in the United States and this State.  Further, Defendants' actions were for the willful and calculated purpose of trading upon the Plaintiff's good will and for the willful and calculated purpose of selling their infringing products based upon the good will of the Plaintiff's trademark and business reputation so as to mislead and deceive purchasers and the public. Defendants' actions are likely to cause confusion and mistake among purchasers and the public as to the origin, quality or affiliation, connection or association of the infringing products all to Defendants' gain and the Plaintiff's damage.

67.     Defendants' conduct as alleged above has damaged and continues to damage the Plaintiff's good will and reputation and has resulted in a loss of profits to the Plaintiff in an amount which is unknown at present time but is at least in an amount in excess of $1,000,000.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request judgment as follows:

I.     That the Court enter a judgment against Defendants, and each of them, that they have:

> (a)     infringed the rights of the Plaintiffs in their federally registered trademarks under 15 U.S.C. § 1114;

> (b)     committed and are committing acts of false designation of origin, and false

13

or misleading description and/or representation of fact against the Plaintiffs as defined in 15 U.S.C. § 1125(a);

(c)     committed and are committing the acts which constitute federal dilution of the distinctive qualities of the Plaintiffs' trademark in violation of 15 U.S.C. § 1125(c);

(d)     committed and are committing acts which constitute dilution of the distinctive quality of the Plaintiffs' trademark under N.Y. Gen. Bus. law Section 368(d);

(e)     competed unfairly with the Plaintiffs at common law; and

II.     That the Court issue a Temporary Restraining Order and thereafter Preliminary and Permanent Injunctions against Defendants, and each of them, and that Defendants, their officers, directors, principals, agents, representatives, servants, employees, successors, assigns and all others in active concert or participation with Defendants be enjoined and restrained, during the pendency of this action and permanently thereafter, from:

(a)     using any of the trademark of the Plaintiffs or any mark similar thereto in connection with the sale of any unauthorized goods or rendering of any unauthorized services;

(b)     from using any logo, tradename or trademark which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of Defendants or of third parties are sponsored by authorized by  or in any way associated with the Plaintiffs in the United States;

14

(c)     from infringing the Plaintiffs' registered trademark;

(d)     from otherwise unfairly competing with the Plaintiffs;

(e)     from manufacturing, exporting, importing, distributing, offering for sale, selling and/or using any reproduction, counterfeit, copy or colorable imitation of the Plaintiffs' registered trademark on or in connection with the goods sold by Defendants including, without limitation, medicinal and herbal products bearing a copy or colorable imitation of any of the Plaintiffs' trademark;

(f)     from affixing, applying annexing or using in connection with the sale of any goods, a false description or representation including words or symbols which tend to falsely describe or represent such goods as being those of the Plaintiffs, when they are not and from offering such goods in commerce; and,

(g)     from aiding or assisting any third party or any entity from committing any of the acts prohibited in subparagraphs a through f herein.

III.    That Defendants file and serve the Plaintiffs with a sworn statement setting forth in detail the manner and form in which Defendants have complied with this injunction pursuant to 15 U.S.C. § 1116(a).

IV.     That Defendants be required to account to the Plaintiffs for all profits and damages resulting from Defendants respective infringing activities and that the award to the Plaintiff be trebled for Defendants willful conduct as provided for under 15 U.S.C. § 1117.

V.      That the Court order Defendants to pay the Plaintiffs both the costs of this action

15

and reasonable attorneys' fees incurred by them in prosecuting this action for Defendants' willful infringement pursuant to 15 U.S.C. § 1117.

VI.     That Defendants be required to deliver up for destruction to the Plaintiffs, all infringing products pursuant to 15 U.S.C. § 1118.

VIII.   That the Court grant to the Plaintiffs such other and additional relief that is just and proper under the circumstances.

Dated: New York, New York
          March 7       , 2007

                                        Respectfully submitted,

                                        By: _____

                                        Po W. Yuen, Esq. (2297)
                                        YUEN & YUEN
                                        Attorney for the Plaintiff
                                        132 Nassau St.
                                        Suite 1300
                                        New York, NY 10038
                                        (212) 608-1178

                                        David J. Hoffman (DH 7605)
                                        29 Broadway, 27th Floor
                                        New York, NY 10006
                                        212-425-0550

16

Exhibit A:    Plaintiff's registration in the Principal Register of the United States Patent and

Trademark Office: Reg. Nos. 3065427, 3122730, 3122729, 2537896, and 1840260.

Exhibit B:    Copy of Assignment of Trademark rights to Plaintiff, dated April 30, 2004 and its registration in the United States Patent and Trademark Office.

Exhibit C:    Copy of receipt and packaging of infringing products purchased from Defendant Top Quality Food Market, LLC at 828 Route 46, Parsippany, NJ on January 3, 2007

Exhibit D:    Copy of receipt and packaging of infringing products purchased from Defendant A & C Supermarket, Inc. at 41-41 Kissena Blvd., Flushing, NY on January 2, 2007

Exhibit E:    Copy of receipt and packaging of infringing products purchased from Defendant Favor Food, Inc. at 22 ½ Catherine Street, New York, NY on January 3, 2007

Exhibit F:    Copy of receipt and packaging of infringing products purchased from Defendant W.J. Inc. (a/k/a Kam Cui Yao Choi Hong) at125 Canal Street, New York, NY on January 3, 2007

Exhibit G:    Inventory of infringing products seized from Defendant Top Quality Food Market, LLC

Exhibit H:    Inventory of infringing products seized from Defendant A & C Supermarket, Inc.

Exhibit I:    Inventory of infringing products seized from Defendant Favor Food, Inc.

Exhibit J:    Inventory of infringing products seized from Defendant W.J. Inc.

17

EXHIBIT A



### United States Patent and Trademark Office

Home|Site Index|Search|Guides|Contacts|eBusiness|eBiz alerts|News|Help



Assignments on the Web > Trademark Query

# Trademark Assignment Details

**Reel/Frame:** 3386/0240
**Received:** 09/06/2006
**Conveyance:** LIMITED ASSIGNMENT

**Recorded:** 09/06/2006

**Pages:** 13

**Total properties:** 9

| | | | | |
|---|---|---|---|---|
| 1 | **Serial #:** 72464022 **Mark:** | **Filing Dt:** 07/26/1973 | **Reg #:** 987139 | **Reg. Dt:** 06/25/1974 |
| 2 | **Serial #:** 74237520 **Mark:** | **Filing Dt:** 01/14/1992 | **Reg #:** 1840260 | **Reg. Dt:** 06/21/1994 |
| 3 | **Serial #:** 76100720 **Mark:** PO CHAI PILLS | **Filing Dt:** 08/01/2000 | **Reg #:** 2537896 | **Reg. Dt:** 02/12/2002 |
| 4 | **Serial #:** 78485501 **Mark:** PO CHAI PILLS | **Filing Dt:** 09/17/2004 | **Reg #:** 3190994 | **Reg. Dt:** 01/02/2007 |
| 5 | **Serial #:** 78485538 **Mark:** PO CHAI PILLS | **Filing Dt:** 09/17/2004 | **Reg #:** 3190995 | **Reg. Dt:** 01/02/2007 |
| 6 | **Serial #:** 78496709 **Mark:** PO CHAI PILLS | **Filing Dt:** 10/08/2004 | **Reg #:** 3065427 | **Reg. Dt:** 03/07/2006 |
| 7 | **Serial #:** 78496723 **Mark:** | **Filing Dt:** 10/08/2004 | **Reg #:** NONE | **Reg. Dt:** |
| 8 | **Serial #:** 78496745 **Mark:** LI CHUNG SHING TONG | **Filing Dt:** 10/08/2004 | **Reg #:** 3122729 | **Reg. Dt:** 08/01/2006 |
| 9 | **Serial #:** 78496757 **Mark:** | **Filing Dt:** 10/08/2004 | **Reg #:** 3122730 | **Reg. Dt:** 08/01/2006 |

**Assignor**

1  LI CHUNG SHING TONG (S) PTE LIMITED

**Exec Dt:** 04/30/2004
**Entity Type:** LIMITED LIABILITY COMPANY
**Citizenship:** HONG KONG

**Assignee**

1  PRINCE OF PEACE ENTERPRISES, INC.
3536 ARDEN ROAD
HAYWARD, CALIFORNIA 94545

**Entity Type:** CORPORATION
**Citizenship:** CALIFORNIA

**Correspondence name and address**
DANIEL T. EARLE
1420 KING STREET, SUITE 600
ALEXANDRIA, VA 22314

Search Results as of: 01/16/2007 01:35 PM
If you have any comments or questions concerning the data displayed, contact PRD / Assignments at 571-272-3350.
Web interface last modified: July 26, 2006 v.1.10

| .HOME | INDEX| SEARCH | eBUSINESS | CONTACT US | PRIVACY STATEMENT

http://assignments.uspto.gov/assignments/q?db=tm&reel=3386&frame=0240        1/16/2007

Trademark Electronic Search System (TESS)

United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System(Tess)

*TESS was last updated on Tue Jan 16 04:17:08 EST 2007*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

**Logout** Please logout when you are done to release system resources allocated for you.

## Record 1 out of 1

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet*

*Browser to return to TESS)*

## PO CHAI PILLS

| | |
|---|---|
| Word Mark | PO CHAI PILLS |
| Translations | The English translation of the words "PO CHAI" in the mark is "to maintain, to donate" or "protecting the people". |
| Goods and Services | IC 005. US 006 018 044 046 051 052. G & S: Non-medicated natural herbal food supplement. FIRST USE: 19040000. FIRST USE IN COMMERCE: 19890000 |
| Standard Characters Claimed | |
| Mark Drawing Code | (4) STANDARD CHARACTER MARK |
| Design Search Code | |
| Serial Number | 78496709 |
| Filing Date | October 8, 2004 |
| Current Filing Basis | 1A |
| Original Filing Basis | 1A |
| Published for Opposition | December 13, 2005 |
| Registration Number | 3065427 |
| Registration Date | March 7, 2006 |
| Owner | (REGISTRANT) Quinwood Limited LTD LIAB CO JERSEY Normandy House, Grenville Street St. Helier JERSEY JE4 8PP |
| Assignment Recorded | ASSIGNMENT RECORDED |
| Attorney of Record | John Clarke Holman |
| Prior Registrations | 2537896 |
| Disclaimer | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "PILLS" APART FROM THE MARK AS SHOWN |
| Type of Mark | TRADEMARK |
| Register | PRINCIPAL |
| Live/Dead Indicator | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



Trademark Electronic Search System (TESS)

**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System(Tess)

*TESS was last updated on Tue Jan 16 04:17:08 EST 2007*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | Browse Dict | SEARCH OG | BOTTOM | HELP

Logout  Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

TARR Status | ASSIGN Status | " TDR | TTAB Status  *( Use the "Back" button of the Internet Browser to return to TESS)*

李象勝堂

| | |
|---|---|
| Translations | The non-Latin character(s) in the mark transliterates into Li Zhong-sheng Tang, and this means Li Zhong-sheng's Hall with Li being the surname and Zhong-sheng the given name in English. |
| Goods and Services | IC 005. US 006 018 044 046 051 052. G & S: Food supplements for human consumption; nutritional meal replacements, namely, meal replacement bars, meal replacement drinks, meal replacement powders, and meal replacement shakes; nutritional supplements; non-medicated health beverages being supplements for human consumption, namely, nutritionally fortified beverages and vitamin fortified beverages<br><br>IC 030. US 046. G & S: Food additives for non-nutritional purposes for use as a flavoring, ingredient, or filler; essences for foodstuffs, namely corn flour, corn starch and food flavorings not being essential oils |
| Mark Drawing Code | (2) DESIGN ONLY |
| Design Search Code | 28.01.03 - Asian characters; Chinese characters; Japanese characters |
| Serial Number | 78496757 |
| Filing Date | October 8, 2004 |
| Current Filing Basis | 44E |
| Original Filing Basis | 1B;44E |
| Published for Opposition | November 8, 2005 |
| Registration Number | 3122730 |
| Registration Date | August 1, 2006 |
| Owner | (REGISTRANT) Quinwood Limited LTD LIAB CO CHANNEL ISLANDS Normandy House, Grenville Street St. Helier, Jersey CHANNEL ISLANDS JE4 8PP |
| Assignment | ASSIGNMENT RECORDED |

| | |
|---|---|
| Recorded | |
| Attorney of Record | John Clarke Holman |
| Prior Registrations | 2537896 |
| Description of Mark | The mark consists of Chinese characters. |
| Type of Mark | TRADEMARK |
| Register | PRINCIPAL |
| Other Data | The mark does not identify a living individual. |
| Live/Dead Indicator | LIVE |

TESS HOME   NEW USER   STRUCTURED   FREE FORM   Browse Dict   SEARCH OG   Top   HELP

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System(Tess)

*TESS was last updated on Tue Jan 16 04:17:08 EST 2007*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

[ Logout ]  Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TARR Status | ASSIGN Status | TDR | TTAB Status |  *( Use the "Back" button of the Internet Browser to return to TESS)*

## LI CHUNG SHING TONG

| | |
|---|---|
| Word Mark | LI CHUNG SHING TONG |
| Translations | The foreign wording in the mark translates into English as MANY VICTORY HALL; the term LI is a surname and has no translation. |
| Goods and Services | IC 030. US 046. G & S: Food additives for non-nutritional purposes for use as a flavoring, ingredient, or filler; essences for foodstuffs, namely corn flour, corn starch and food flavorings not being essential oils |
| | IC 005. US 006 018 044 046 051 052. G & S: Food supplements for human consumption; nutritional meal replacements, namely, meal replacement bars, meal replacement drinks, meal replacement powders, and meal replacement shakes; nutritional supplements; non-medicated health beverages being supplements for human consumption, namely, nutritionally fortified beverages and vitamin fortified beverages |
| Standard Characters Claimed | |
| Mark Drawing Code | (4) STANDARD CHARACTER MARK |
| Design Search Code | |
| Serial Number | 78496745 |
| Filing Date | October 8, 2004 |
| Current Filing Basis | 44E |
| Original Filing Basis | 1B;44E |
| Published for Opposition | December 27, 2005 |
| Registration Number | 3122729 |
| Registration | August 1, 2006 |

| | |
|---|---|
| Date | |
| Owner | (REGISTRANT) Quinwood Limited LTD LIAB CO CHANNEL ISLANDS Normandy House Grenville Street St. Helier CHANNEL ISLANDS JE4 8PP |
| Assignment Recorded | ASSIGNMENT RECORDED |
| Attorney of Record | John Clarke Holman |
| Type of Mark | TRADEMARK |
| Register | PRINCIPAL |
| Live/Dead Indicator | LIVE |

**TESS HOME** **NEW USER** **STRUCTURED** **FREE FORM** **Browse Dict** **SEARCH OG** **Top** **HELP**

Trademark Electronic Search System (TESS)

 United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System(Tess)

*TESS was last updated on Tue Jan 16 04:17:08 EST 2007*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

**Logout** Please logout when you are done to release system resources allocated for you.

**Start** List At: OR **Jump** to record: **Record 4 out of 5**

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | PO CHAI PILLS |
| **Translations** | The Chinese characters in the mark transliterate to "PO CHAI YUEN" and "LI ZHONG SHENG TONG" and "HONG KONG" and "CHANG ZHI YEN LI SIU KAI" and this means "guarantee, benefit, pills" and "a surname, many, victory, hall" and "fragrant harbor" and "founder, a surname, omen, foundation" in English. |
| **Goods and Services** | IC 005. US 006 018 044 046 051 052. G & S: MEDICATED PILLS FOR THE USE AND THE TREATMENT OF STOMACH AILMENTS. FIRST USE: 19620800. FIRST USE IN COMMERCE: 19730217 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 02.01.01 - Busts of men facing forward; Heads of men facing forward; Men – heads, portraiture, or busts facing forward; Portraiture of men facing forward
12.01.11 - Bathroom articles, mirrors, Wall mounted and free standing; Mirrors, Wall-mounted and free standing
12.01.25 – Carts, serving; Dividers, room; Etageres (shelves); Lecterns; Lockers; Lockers, wall; Magazine racks; Mantels (fireplace); Pens, play; Playpens; Racks, (wall mounted); Racks, magazine; Room dividers; Screens, room divider; Serving carts; Spice racks; Vanities; Vanities (bedroom); Wine rack
26.11.07 - Rectangles with a decorative border, including scalloped, ruffled and zig-zag edges
26.11.11 - Rectangles divided twice into three sections
26.11.13 - Rectangles (exactly two rectangles); Two rectangles
26.11.14 - Rectangles (three or more rectangles); Three or more rectangles
28.01.03 - Asian characters; Chinese characters; Japanese characters |
| **Serial Number** | 76100720 |
| **Filing Date** | August 1, 2000 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |

| | |
|---|---|
| Published for Opposition | November 20, 2001 |
| Registration Number | 2537896 |
| Registration Date | February 12, 2002 |
| Owner | (REGISTRANT) Quinwood Limited CORPORATION UNITED KINGDOM Normandy House, St. Heller, Jersey Channel Islands UNITED KINGDOM |
| Assignment Recorded | ASSIGNMENT RECORDED |
| Attorney of Record | JOHN CLARKE HOLMAN |
| Prior Registrations | 0987139;1840260 |
| Disclaimer | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "PILLS" APART FROM THE MARK AS SHOWN |
| Type of Mark | TRADEMARK |
| Register | PRINCIPAL |
| Live/Dead Indicator | LIVE |

TESS HOME    NEW USER    STRUCTURED    FREE FORM    BROWSER DICT    SEARCH OG    TOP    HELP    PREV LIST    CURR LIST

NEXT LIST    FIRST DOC    PREV DOC    NEXT DOC    LAST DOC

|.HOME | SITE INDEX] SEARCH | eBUSINESS | HELP | PRIVACY POLICY

 **United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System(Tess)

*TESS was last updated on Tue Jan 16 04:17:08 EST 2007*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |

| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

**Logout**  Please logout when you are done to release system resources allocated for you.

**Start** List At:          OR **Jump** to record:          **Record 5 out of 5**

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Translations** | The Chinese characters under the portrait may be transliterated as "CHONG CHAI YAN LI SUI KEE", meaning "the Inventor Lui Sui Kee", now deceased. The three vertically arranged characters on the back panel, and the three characters in the circles all mean "Bao Ji Wan", and translate into English as "to maintain, to donate, pills". |
| **Goods and Services** | IC 005. US 018. G & S: natural herb food supplement (non-medicated). FIRST USE: 19890126. FIRST USE IN COMMERCE: 19890126 |
| **Mark Drawing Code** | (2) DESIGN ONLY |
| **Design Search Code** | 26.01.15 - Circles, exactly three circles; Three circles<br>26.01.21 - Circles that are totally or partially shaded.<br>26.03.21 - Ovals that are completely or partially shaded<br>26.03.28 - Miscellaneous designs with overall oval shape, including amoeba-like shapes and irregular ovals; Oval shape (miscellaneous overall shape)<br>26.11.07 - Rectangles with a decorative border, including scalloped, ruffled and zig-zag edges<br>26.11.13 - Rectangles (exactly two rectangles); Two rectangles<br>26.11.14 - Rectangles (three or more rectangles); Three or more rectangles<br>28.01.03 - Asian characters; Chinese characters; Japanese characters |
| **Serial Number** | 74237520 |
| **Filing Date** | January 14, 1992 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | March 29, 1994 |
| **Registration Number** | 1840260 |
| **Registration** | June 21, 1994 |

| | |
|---|---|
| Date | |
| Owner | (REGISTRANT) QUINWOOD LIMITED CORPORATION UNITED KINGDOM Normandy House St. Helier, Jersey CHANNEL ISLANDS |
| Assignment Recorded | ASSIGNMENT RECORDED |
| Attorney of Record | John Clarke Holman |
| Prior Registrations | 1760955 |
| Disclaimer | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "WAN" or the configuration of the package APART FROM THE MARK AS SHOWN |
| Type of Mark | TRADEMARK |
| Register | PRINCIPAL |
| Affidavit Text | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20040729. |
| Renewal | 1ST RENEWAL 20040729 |
| Other Data | The portrait in the mark is of "LI SUI KEE", now deceased. |
| Live/Dead Indicator | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST
NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

EXHIBIT B



李 眾 勝 堂（新 加 坡）有 限 公 司
**LI CHUNG SHING TONG (S) PTE LTD.**
Block 109D Lower Delta Road, #04-06/07 Tiong Bahru Industrial Estate, Singapore 169201
Tel: (65) 62744887  Fax: (65) 62744013
Website: http://www.pochaipills.com
Co. Reg No. 200102294C

Li Chung Shing Tong (S) Pte Limited (LCST) appointed Prince of Peace Enterprises, Inc. (POP) as the Sole and Exclusive Authorized Distributor of "Po Chai Pills Ten Bottle Form" (the Product) for resale in the The United States of America (the Territory) on   April 30th, 2004.

WHEREAS, POP undertakes to promote and extend the sale of the Product in POP's Territory,

WHEREAS, POP further undertakes to ensure the quality of the Product available in the Territory, such as replacement of expired Product from retailers and police the Territory to make sure only genuine Product is offered for sale to the consumers,

WHEREAS, it has come to the attention of LCST and POP that there are sources unknown to POP and LCST providing the alleged Product to various retailers, and

WHEREAS, LCST is the owner of various Quinwood Limited U.S. registered Trademarks related to the Product. (registered and pending Trademarks attached as Ex "A")

NOW, THEREFORE, LCST grants POP the Sole and Exclusive use of various Quinwood Limited Trademarks owned by LCST related to the Product for the Territory to take any and all actions against any and all parties, known and unknown, to the fullest extend of the laws of the Territory and this grant shall remain valid until terminated by written notice to the Trademark Office of the Territory.

It is agreed that POP shall be solely responsible for all costs of enforcement and be entitled to all recoveries.

Li Chung Shing Tong (S) Pte Limited

LI CHUNG SHING TONG (S) PTE LTD

By: _____

Consented to by
Quinwood Limited (Proprietor)

*For and on behalf of*
**QUINWOOD  LIMITED**

By: _____
*Authorized Signature(s)*

EXHIBIT C