```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
PRINCE OF PEACE ENTERPRISES, INC.


Plaintiffs,
                                        CASE NO.
            -against-

TOP QUALITY FOOD MARKET, LLC, A &  C    07-cv-0349 (RJH)
SUPERMARKET, INC., FAVOR FOOD, INC.
a/k/a BEST QUALITY FOOD MARKET, W.J.
INC. a/k/a KAM CUI YAO CHOI HONG,       ECF CASE
MADISON ONE ACME, INC. a/k/a
SOLSTICE MEDICINE COMPANY, MURRAY
INTERNATIONAL TRADING CO., INC., WEI
YOUNG, CINDY SU a/k/a KAUK YU SU,
WAI HUNG NG, TU CHIN LIN, XUIYAN
HUANG, YINGHAI SHI and  JOHN and
JANE DOES, No.1-50".


Defendants.

----------------------------------X
```

## **MEMORANDUM OF LAW IN OPPOSITION TO TOP QUALITY'S MOTION FOR DAMAGES AND TO DISMISS**

```
    PO W. YUEN, ESQ.             DAVID J. HOFFMAN
    YUEN & YUEN, ESQS.           29 Broadway, 27th Floor
    Attorneys for Plaintiff      New York, New York 10006
    132 Nassau St.               Tel: 212-425-0550
    Suite 1300
    New York, NY 10038
    Tel:   212-608-1178
```

Plaintiff Prince of Peace Enterprises, Inc. ("Prince of Peace") submits this memorandum in opposition to the motion of Defendant Top Quality Food Market, LLC ("Top Quality") for dismissal and to obtain damages for wrongful seizure.  In summary, Top Quality's request for damages is premature and its motion for dismissal should not be granted either for lack of personal jurisdiction or for failure to state a claim.

**I.    Wrongful Seizure Damages may only be Asserted in a Fully Litigated Counterclaim**

Top Quality's attempt to recover attorneys' fees and damages due to an allegedly wrongful seizure on this motion is procedurally incorrect.  Under 15 USC §1116(d)(11), a defendant seeking damages for wrongful seizure may only do so by means of a "counterclaim".  The statute does not provide for an automatic award of attorneys' fees upon the failure to confirm the seizure under 15 USC §1116(d)(4).  Rather, as this Court correctly noted in its order, the "defendants may bring these claims [for wrongful seizure] as counterclaims".  Memorandum and Order, p. 11.

Defendant is in the same position as a Plaintiff who prevails on confirmation of a seizure.  Where the plaintiff prevails on a preliminary injunction, the Court does not summarily award attorneys' fees under 15 USC §1117(a)(3) upon confirmation of a seizure.  By requesting this premature award of attorneys' fees, Top Quality threatens to deprive Prince of Peace of the full, statutorily guaranteed right to litigate its claims as to whether the seizure was indeed wrongful.

1

### A.  Failure to Confirm a Seizure Does Not Result in Automatic Liability for Wrongful Seizure

While Plaintiff agrees with Top Quality that the authority in this area is rather scant, a series of opinions in the Fifth Circuit provide illumination.  In <u>Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of America Co.</u>, 112 F.3d 1296 (5th Cir. 1997) (hereafter "<u>Martin's I</u>") and <u>Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of America Co.</u>, 195 F.3d 765 (5th Cir. 1999)(hereafter "<u>Martin's II</u>"), the Fifth Circuit clearly stated that the defendant bears the burden of proof that the seizure is in fact wrongful, and that failure to confirm the seizure does not result in automatic liability. In <u>Martin's I</u>, the Fifth Circuit determined that the plaintiff had seized goods were not, in its view, subject to seizure. Nevertheless, in <u>Martin's II</u>, the Fifth Circuit declared that the failure to confirm the seizure did not entitle the defendant to a summary award of damages under 15 USC §1116(d)(11):

> Diamond & Gem filed its counterclaim alleging that Martin's conducted a wrongful seizure of its inventory.  Accordingly, Diamond & Gem has the burden of establishing all the elements of its claim [cite omitted].  That burden requires that Diamond & Gem establish that the seizure was in fact wrongful.
>
> None of the reasons cited by Diamond & Gem demonstrates that Martin's should have borne the burden to disprove Diamond & Gem's counterclaim. First, <u>Martin's I</u> did not establish that the seizure was wrongful or that the goods seized were all authentic.  Instead, this court held only that at the first trial Martin's had not met its burden to prevail on summary judgment that the seizure was lawful.

<u>Martin's II</u>, 195 F.3d at 774-75.

2

The Fifth Circuit also observed that 15 USC §1116(d)(11) "and its supporting legislative history establish the standards by which wrongful seizure claims may be pursued, and §1116(d)(4) has nothing to do with those standards." Martin's II, 195 F.3d at 775.  The fact that this Court has determined that Prince of Peace failed to meet its burden to confirm the seizure is of no consequence to any counterclaim asserted by Top Quality.  Id. ("§1116(d)(4) says nothing about the burden of proof in a wrongful seizure counterclaim and thus would not support Diamond & Gem's argument even if it were intended to apply to §1116(d)(11)… nothing in the statute or in Martin's I shifts the burden to Martin's to disprove Diamond & Gem's counterclaim…").

## II.  Wrongful Seizure is Open to a Case-by-Case Interpretation.

Indeed in further explicating the standard for wrongful seizure, in Waco International, Inc. v. KHK Scaffolding Houston, Inc., 278 F.3d 523 (5th Cir. 2002), the Fifth Circuit noted that rather than imposing a bright-line definition for a wrongful seizure, "Congress intentionally left the definition of 'wrongful seizure' to 'case-by-case interpretation'". Id. at 530 quoting Joint Statement on Trademark Counterfeiting Legislation, 130 Cong. Rec. H12076, at 12083 (Oct. 10, 1984). In Waco International, citing guidelines provided in the legislative history, the Fifth Circuit found that "Congress indicated that a seizure may be wrongful: (1) where an applicant acted in 'bad faith' in seeking the order; or (2) if the goods seizure are predominately legitimate merchandise, even if the plaintiff acted in good faith." Waco International, 278 F.3d at 530 citing Senate Comm. On the Judiciary, S. Rep. No. 98-526, at 8 (1984).

### A. Prince of Peace did not Seek a Seizure Order in Bad Faith

Prince of Peace did not seek the seizure order in bad faith.  Although the Court decided that the assignment was insufficient to confer standing on Prince of Peace to bring suit for trademark infringement, the assignment agreement that Prince of Peace relied upon was disclosed to the Court in Prince of Peace's initial application.  While the Court did confirm the seizure with respect to products that did not have required FDA labeling and did not do so with respect to products bearing labeling, Prince of Peace fully disclosed that it sought to seize the labeled products as well.  See Decl. of Wai Hing Lee Wong, dated January 16, 2007, and Decl. of David J. Hoffman, dated January 16, 2007.  Top Quality makes no colorable allegation that Prince of Peace acted in bad faith in securing the seizure order.  As the Fifth Circuit stated in Martin's II, in determining a claim under 15 USC §1116(d)(11), the proper inquiry is not "a second guessing of the seizure."  Martin's II, 195 F.3d at 774, but rather to focus on the elements of the counterclaim.

### III. Top Quality Must Prove that 'Legitimate Merchandise' was Wrongfully Seized.

As suggested by the Fifth Circuit's reasoning in Martin's I, Martin's II, and Waco International, there may be some goods which are not subject to seizure, or even non-infringing goods, but yet are not "legitimate merchandise".  This category of non-infringing but non-legitimate merchandise suggested also by this Court's decision, which confirmed the seizure of unlabeled goods

4

even though the Court determined that Prince of Peace does not have standing to sue for infringement.

### A. Top Quality has not Established that the Goods Seized are Legitimate Merchandise

As Top Quality bears the burden of proof that the goods seized are legitimate merchandise, Top Quality has not established that its products are indeed legitimate merchandise. The fact is that it is as yet undetermined whether the goods seized from Top Quality are legitimate merchandise. The only information submitted so far by Top Quality that Top Quality's products were manufactured by Li Chung Shing Tong, the authentic manufacturer, is an unsupported, second- or third-hand hearsay statement. The prevalence of counterfeit Po Chai Pills in the marketplace is well known. See Declaration of David J. Hoffman, May 7, 2007, Exhibit 1, p. 3 ("I'm wary about telling you to go out and buy these pills because of the high incidence of counterfeit Po Chai pills.") Further factual development may reveal that Top Quality's products are not genuine - the goods may in fact be of completely counterfeit manufacture, even though they do bear FDA labeling. Such conduct may be unfair competition sufficient to support Prince of Peace's Amended Complaint.

### B. Top Quality may have Dealt in Unlabeled Goods

Furthermore, the case-by-case approach to damages upon a wrongful seizure is a proper approach. As Prince of Peace has noted, both the labeled and unlabeled products seized were distributed by Madison One Acme, Inc. a/k/a Solstice Medical. The Court has already determined that Prince of Peace has a likelihood of success to show that the unlabeled products

constitute unfair competition, supporting a seizure and injunction under the Lanham Act 43(a).  As Top Quality has acknowledged that it supplier is Madison One, Prince of Peace may be able to show in this litigation that Top Quality has carried the unlabeled product, even if none were in stock on the particular day that the seizure was executed.  Thus, it would be improper for the Court to grant damages to Top Quality while Prince of Peace still has an opportunity to prove its unfair competition claim.

**IV.    Top Quality's Claim of Damages is Improper.**

As to the question of damages, Top Quality is seeking damages here before any opportunity for discovery.  As with any other claim or counterclaim, Prince of Peace should be entitled to discovery to substantiate Top Quality's claims of damage.

Furthermore, Top Quality has not broken down its legal expenses with respect to the trademark or personal jurisdiction issues.  Any quantity of reasonable attorneys' fees should not include expenditures for issues unrelated to the trademark issues that would render the seizure wrongful.

**V.     Top Quality Cannot Assert a Counterclaim at the Same Time it Contests this Court's Personal Jurisdiction.**

Top Quality is seeking affirmative and substantive relief from this Court based on a counterclaim that it has not even entered a pleading to assert.  At the same time, Top Quality maintains it is not subject to this Court's jurisdiction.  Top Quality cannot have it both ways.  Top Quality faces a choice that is commonplace:  either assert its claims in this Court, accept this Court's jurisdiction or not.  Top Quality cannot

simultaneously invoke the power of this Court, yet hold itself outside the Court's jurisdiction.

The fact that Top Quality is asserting a counterclaim here obviates the question of personal jurisdiction. Top Quality's counterclaim should be characterized as a permissive counterclaim waiving objections to personal jurisdiction. The Second Circuit has explained that a counterclaim for malicious prosecution, for example, "which stems from the filing of the main action", <u>Harris v. Steinem</u>, 571 F.2d 119, 124 (2d. Cir. 1978) are permissive counterclaims. The reasons that malicious prosecution suits are regarded as permissive rather than compulsory counterclaims meshes with the logic of the Fifth Circuit cases cited above which does not afford any expedited treatment of counterclaims under <u>15 USC §1116(d)(11)</u>. As the Second Circuit stated, "we think the postponement of suits that will ordinarily not arise if plaintiff wins the main action and avoidance of 'dangerous potentialities of counterclaims [in the nature of] malicious prosecution as a defensive stratagem,' are strong policy reasons…" <u>Harris</u>, 571 F.2d at 125. Likewise, if Prince of Peace prevails on any portion of its claims against Top Quality, then any justification for a grant of damages to Top Quality would be seriously undermined.

## VI. <u>Discovery May Show that Top Quality is Subject to Personal Jurisdiction.</u>

Even disregarding Top Quality's assertion of as yet unpleaded counterclaims, Top Quality should not be dismissed from this case based on a lack of personal jurisdiction. Discovery may yet prove that Top Quality has sufficient contacts with New York to support personal jurisdiction. For example,

7

Top Quality's advertising in New York papers,[1] or customer base in New York may be sufficient to support personal jurisdiction based on sales to these customers.  Advertising to New York customers and a New York customer base can support personal jurisdiction.  See Rubin v. City of New York, 2007 U.S. Dist. LEXIS 23003 (S.D.N.Y. March 29, 2007).

There is evidence that Top Quality has contacts with New York.  For example, Top Quality has an arrangement to run bus tours to and from New York out of its facilities.  Decl. of D. Hoffman, Exhibit 2.  According to information from www.gotobus.com, such buses stop at Top Quality several times per week, after first stopping in New York and then continuing on to New York.  The bus tours are run by a New York company L & L Travel Enterprises, Inc. Decl. of D. Hoffman, Exhibit 3.

### VII. Top Quality may be Joined Under Rule 19.

Furthermore, Top Quality apparently has adopted the argument that having been named in this suit initially, it is immunized from being joined as a necessary party under Rule 19 thereafter.  Even assuming that no other basis of personal jurisdiction exists, Prince of Peace is not barred from now seeking to add Top Quality to this suit on the basis of Rule 19.  As noted above, so far, Prince of Peace has discovered in this case that Madison One has provided unlabeled Po Chai Pills to

---

[1] Prince of Peace submits under a separate cover its request to take discovery regarding Top Quality's advertising.

various retailers in the New York metropolitan area.  Madison One's stock of Po Chai Pills is believed to flow through the same channels that serve the New York City Chinese community.

Dated:     New York, New York
           May 7, 2007

/s/David J. Hoffman
Po W. Yuen (PY 2279)
Yuen & Yuen
132 Nassau St., Suite 1300
New York, New York 10038
Tel: 212-608-1178

David J. Hoffman (DH 7605)
29 Broadway, 27th Floor
New York, New York 10006
Tel: 212-425-0550

ATTORNEYS FOR PLAINTIFF
