UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PRINCE OF PEACE ENTERPRISES, INC.

                            Plaintiff,

       -against-

TOP QUALITY FOOD MARKET, LLC, et al.,

                            Defendants.

07 Civ. 00349 (RJH)

**MEMORANDUM OPINION AND ORDER**

On March 7, 2007, the Court issued a Memorandum Opinion and Order granting plaintiff's application for a preliminary injunction and confirming the order of seizure with respect to defendant W.J. Inc. a/k/a Kam Cui Yao Choi Hong ("W.J. Inc."), and denying plaintiff's application for a preliminary injunction and granting defendants' motion to vacate the order of seizure with respect to defendants Top Quality Food Market, LLC ("Top Quality"), A&C Supermarket, Inc. ("A&C"), and Favor Food, Inc. ("Favor Food"). On March 14, 2007, plaintiff filed a Motion to Correct the Order, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3. For the reasons set forth below, plaintiff's motion [26] is denied.

### BACKGROUND

In the March 7 Order, the Court vacated the seizure order with respect to Top Quality, A&C, and Favor Foods—but not with respect to W.J. Inc.—because the Court found that plaintiff had failed to demonstrate a likelihood of success on the merits of its trademark infringement claims against these defendants. *See Prince of Peace Enters. v. Top Quality Food*

*Market, LLC*, No. 07 Civ. 00349 (RJH), 2007 U.S. Dist. LEXIS 16391, 2007 WL 704171, at *5 (S.D.N.Y. Mar. 7, 2007). The Court's decision to vacate the seizure order with respect to these defendants but not W.J. Inc. rested largely on the fact that the pills seized at Top Quality, A&C, and Favor Foods had a "Supplement Facts" panel on the packaging as required by the FDA, while the pills seized at W.J. Inc. did not. The Court made this factual finding based on the only evidence in the record at that time: an affidavit from plaintiff's investigator, Wai Hing Lee Wong, attached to which were copies of boxes purchased from each of defendants' stores prior to the seizure. (Wai Hing Lee Wong Decl. A–D.) These pictures showed that the pills sold by Top Quality, A&C, and Favor Foods, but not W.J. Inc, had a "Supplemental Facts" panel on the packaging as required by the FDA. (*Compare id.* Exs. A–C (packaging from Top Quality, A&C, and Favor Food) *with* Ex. D (packaging from W.J. Inc.).)

Plaintiff now seeks a correction of the March 7 Order on the ground that "the Court mistakenly overlooked the fact that products seized from A&C and Favor Food failed to have required FDA labeling." Defendants A&C and Favor Food oppose plaintiff's motion primarily on the grounds that plaintiff did not submit evidence to the Court prior to the March 7 Order to demonstrate that the products seized from their stores did not have FDA labeling.

## DISCUSSION

### I.  Standard of Review

Under Local Rule 6.3, motions for reconsideration usually are granted only when the moving party offers controlling decisions or facts that the court had originally overlooked and that might reasonably be expected to alter the court's original decision. *See Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995); *accord BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003). Similarly, "'Rule 60(b)(1) affords a party relief from a material mistake that changed the

outcome of the court's judgment.'" *BOUSA, Inc. v. United States (In re Bulk Oil (USA) Inc.)*, Nos. 93 Civ. 4492, 4494 (PKL), 2007 U.S. Dist. LEXIS 27346, 2007 WL 1121739, at *10 (S.D.N.Y. April 11, 2007) (quoting *Matura v. United States*, 189 F.R.D. 86, 89 (S.D.N.Y. 1999)).  Such a motion is addressed to the sound discretion of the trial court and may only be granted on a showing of exceptional circumstances. *See Mendell In Behalf of Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990).  In evaluating a Rule 60(b) motion, the courts of this circuit also require that the evidence in support of the motion be highly convincing, that the movant show good cause for the failure to act sooner, and that no undue hardship be imposed on the other parties as a result.  *See, e.g., Kotlicky v. U.S. Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987); *Williams v. New York City Dep't of Corr.*, 219 F.R.D. 78, 84 (S.D.N.Y. 2003).  A motion for reconsideration may not "treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." *Questrom v. Federated Dep't Stores, Inc.*, 192 F.R.D. 128, 131 (S.D.N.Y. 2000).

**II.     Analysis**

Plaintiff claims that the following exchange between the Court and plaintiff's counsel at the hearing on February 16, 2007 was sufficient to put into evidence the fact that the goods seized at A&C and Favor Food did not carry FDA labeling:

> MR. YUEN:     There is one actual error made by their argument because they said all the products fit to be sold in the United States, but I will ask the court to look at Exhibit D in one of our original papers and that was a product also distributed by Madison One that has no ingredient list and that one is strictly not allowed.
>
> THE COURT:     And which of the defendants had those on their shelves?
>
> MR. YUEN:     Just the item that I wanted to point out.

3

> MR. HOFFMAN:   That is Favor Food and also Top Quality, your Honor—no, the Twins entity, A&C. They had both, and it's very clear they are both distributed by Solstice.

(Tr. (Feb. 16, 2007), at 20.)

This exchange represents the only argument in the record at the time of the March 7 Order that the Po Chai Pills sold by Favor Food and A&C lacked a "Supplement Facts" panel. Plaintiff submitted no evidence, such as an affidavit, in support of its motion to support this conclusory statement. Indeed, the statement conflicted with the only evidence actually in the record, Mr. Wong's affidavit. Plaintiff's argument now that the Court should confirm the seizure order and issue a preliminary injunction against Favor Food and A&C, based purely on one conclusory statement made by its counsel at oral argument, ignores the fact that the burden rested with plaintiff to bring forth evidence sufficient to demonstrate a likelihood on the success on the merits of its claims. Plaintiff's attempt to shift that burden to defendants by arguing that "[d]efendants' counsel did nothing to contradict this assertion in open court" (Hoffman Aff. ¶ 5 (Apr. 2, 2007)) is therefore unavailing. Plaintiff's attempt now to supplement the record before the Court with the affidavit of plaintiff's counsel is untimely. *See Questrom*, 192 F.R.D. at 131 (stating that a party may not "adduce new evidence in response to the court's rulings").

For the reasons stated, the Court affirms the March 7 Order and denies plaintiff's motion for reconsideration [26].

SO ORDERED.

Dated: New York, New York
       July 26, 2007

                                    Richard J. Holwell
                                    United States District Judge

4