UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PRINCE OF PEACE ENTERPRISES, INC.,

        Plaintiff,

-against-

TOP QUALITY FOOD MARKET, LLC, et al.,

        Defendants.

---

MADISON ONE ACME, INC., a California corporation, d/b/a SOLSTICE MEDICINE CO.,

        Plaintiff,

-against-

PRINCE OF PEACE ENTERPRISES, INC., a California Corporation, and KENNETH YEUNG, a/k/a YING SHUI YEUNG,

        Defendants.

---

07 Civ. 349 (RJH)

07 Civ. 6195 (RJH)

**MEMORANDUM OPINION AND ORDER**

These are closely related trademark infringement actions. Prince of Peace Enterprises, Inc. ("Prince of Peace"), contends that it alone is authorized to distribute Po Chai Pills, a Chinese herbal remedy, in the United States; Madison One Acme, Inc. ("Madison One"), claims that the Po Chai Pills that it sells in the United States are parallel imports legally available in this country. In *Madison One Acme, Inc. v. Prince of Peace Enterprises, Inc.*, 07 Civ. 6195, plaintiff Madison One seeks a declaratory judgment that it has not violated federal false designation of origin law, federal trademark dilution law, or related laws of California and New York. In

*Prince of Peace Enterprises, Inc. v. Top Quality Food Market, LLC*, 07 Civ. 349, plaintiff Prince of Peace asserts the following claims against Madison One: federal trademark infringement, federal and state trademark dilution, federal false designation of origin, and common law unfair competition. Each complaint also invokes the same five trademarks: U.S. Trademark Registration Nos. 3065427, 3122730, 3122729, 2537896, and 1840260.

"A district court can consolidate related cases under Federal Rule of Civil Procedure 42(a) *sua sponte.*" *Devlin v. Transportation Communs. Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) (citing *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987)). Rule 42(a) provides that a court may order actions consolidated if they involve "common issues of law or fact." *See* Fed. R. Civ. P. 42(a). In determining the propriety of consolidation, district courts have "broad discretion," *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997), and consolidation is favored where supported by "considerations of judicial economy," *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990).

Here, the Complaints contain nearly identical allegations and involve many of the same parties. Consolidation of the two actions will avoid unnecessary cost or delay, will not prejudice plaintiffs, and will otherwise promote judicial economy. Accordingly, these cases are *sua sponte* consolidated for all purposes, including trial. The caption of these consolidated actions shall hereinafter be referred to as "*Prince of Peace Enterprises, Inc. v. Top Quality Food Market, LLC, et al.*" All relevant documents and submissions shall be maintained as one file under Master File No. 07 Civ. 349 (RJH).

Counsel for <u>all</u> parties are directed to confer regarding an agreed scheduling order pursuant to Fed. R. Civ. P. 26(f). If counsel are able to agree on a schedule **and the agreed schedule calls for filing of the pretrial order not more than nine (9) months from the date of**

**this order**, counsel shall sign and email a PDF of the proposed schedule to the Orders and Judgment Clerk within fourteen (14) days from the date hereof, following the scheduling order requirements attached hereto. Counsel should note, in submitting their consent scheduling order, that the otherwise scheduled conference should be adjourned.

If such a consent order is <u>not</u> filed within the time provided, an initial scheduling conference will be held in this matter on **Friday, September 14, 2007, at 11:00 a.m. in Courtroom 17B at the U.S. Courthouse, 500 Pearl Street, New York, New York 10007**. A proposed scheduling order, following the scheduling order requirements attached hereto, should be submitted to Chambers three days before the initial scheduling conference. Judge Holwell's individual practices may also be found at *http://www1.nysd.uscourts.gov/judges*.

SO ORDERED.

Dated: New York, New York
July 23, 2007

Richard J. Holwell
United States District Judge

3

## Scheduling Order Requirements

1.  Description of the Case
    a. Identify the attorneys of record for each party, including lead trial attorney;
    b. State the basis for federal jurisdiction;
    c. Briefly describe the claims asserted in the complaint and any counterclaims;
    d. State the major legal and factual issues in the case; and
    e. Describe the relief sought.

2.  Proposed Case Management Plan
    a. Identify all pending motions;
    b. Propose a cutoff date for joinder of additional parties;
    c. Propose a cutoff date for amendments to pleadings;
    d. Propose a schedule for completion of discovery, including:
        i. A date for Rule 26(a)(1) disclosures, if not previously completed;
        ii. A fact discovery completion date;
        iii. A date for Rule 26(a)(2) disclosures; and
        iv. An expert discovery completion date, including dates for delivery of expert reports;
    e. Propose a date for filing dispositive motions;
    f. Propose a date for filing a final pretrial order; and
    g. Propose a trial schedule, indicating:
        i. Whether a jury trial is requested;
        ii. The probable length of trial; and
        iii. When the case will be ready for trial.

3.  Consent to Proceed Before a Magistrate Judge: Indicate whether the parties consent unanimously to proceed before a Magistrate Judge.

4.  Status of Settlement Discussions
    a. Indicate whether any settlement discussions have occurred;
    b. Describe the status of any settlement discussions; and
    c. Whether parties request a settlement conference.