UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
PRINCE OF PEACE ENTERPRISES, INC.,        Docket No.: 07-CV-0349(RJH)

                Plaintiff,        Judge Holwell

   -against-


TOP QUALITY FOOD MARKET, LLC, et al.,

                Defendants.
------------------------------------------------------------ X


## PLAINTIFF'S MEMORANDUM OF LAW
## IN SUPPORT OF MOTION FOR RECONSIDERATION


                        YUEN ROCCANOVA SELTZER & SVERD P.C.
                        *Attorneys for Plaintiff*
                        PRINCE OF PEACE ENTERPRISES, INC.
                        132 Nassau Street, suite 1300
                        New York, New York 10038
                        (212) 608-1178

## PRELIMINARY STATEMENT

Plaintiff PRINCE OF PEACE ENTERPRISES, INC., (hereinafter "POP") submits this Memorandum of Law in support of the within motion, pursuant to Local Civil Rule 6.3, for reconsideration of the Court's January 12, 2011 Memorandum Opinion and Order, entered by the Clerk of the Court on January 14, 2011.  In such opinion and order, the Court denied plaintiff's motion to enforce the parties' February 1, 2008 Settlement Agreement against defendant MADISON ONE ACME, INC. a/k/a SOLSTICE MEDICINE COMPANY (hereinafter "Madison One").  The Court concluded that the agreement was unenforceable due to the existence of an ambiguity.  Specifically, the Court found that a conflict between paragraphs two (2) and three (3) of the agreement as to the time period during which Madison One was prohibited by the agreement from selling Po Chai Pills ("PCP").  POP maintained that paragraph (2) of the Agreement prohibited Madison One from selling PCP for six (6) months after POP's exclusive distributorship agreement for this product with its manufacturer terminated. Madison One contended that it was permitted under the agreement, based upon paragraph three (3) thereof, to sell PCP immediately upon termination of POP's exclusive distributorship agreement with the manufacturer.  It was undisputed on this motion that POP's exclusive distributorship of PCP terminated on June 30, 2009 and that Madison One sold and marketed PCP during the six (6) months following such termination.

The Court concluded that the parties' competing interpretations of the settlement agreement were both reasonable and that, as such, the agreement is ambiguous as to a material term and therefore unenforceable.  On that basis, the Court denied plaintiffs' motion to enforce the Settlement Agreement.

Plaintiffs respectfully move for reconsideration of the January 12, 2011 decision. Specifically, plaintiffs respectfully maintain that the Court incorrectly concluded, on p. 21 of its decision, that "[b]ecause POP has offered no further evidence indicating that it and Solstice ever came to a mutual understanding as to whether Madison One was allowed to sell PCP within six months after POP's distributorship terminated, no enforceable agreement was ever created." POP respectfully contends that the Court overlooked POP's extrinsic evidence demonstrating that the parties agreed that Solstice could not sell PCP until six months after POP's distributorship terminated. In this regard, POP submitted with its motion an affidavit from its President and founder, Kenneth Yeung, establishing that the parties specifically agreed during the negotiations immediately preceding and resulting in the execution of the Settlement Agreement that Madison One could not sell PCP for six (6) months after termination of POP's distributorship. The affidavit submitted by Wina So, the Madison One executive who executed the Settlement Agreement and represented the company in its negotiation, does not contradict Mr. Yeung's affidavit on this point. As such, the extrinsic evidence is undisputed that POP and Madison One specifically agreed that Madison One could not sell PCP for six (6) months after the termination of POP's distributorship.

POP therefore has satisfied its burden in moving for reconsideration under Local Rule 6.3, as it has pointed to data that the Court overlooked that might reasonably be expected to alter the conclusion reached by the Court. Mr. Yeung's sworn statement that POP specifically insisted upon the now disputed six-month provision during negotiations and that Ms. So agreed to such provision constitutes the data overlooked by the Court that will alter the conclusion reached.

POP respectfully requests that the Court reconsider the extrinsic evidence of the parties' negotiations submitted in this matter and, upon reconsideration, find that the parties came to a mutual understanding that Madison One could not sell PCP for six (6) months after POP's distributorship terminated. POP further requests that the Court, following reconsideration, grant POP's motion to enforce the Settlement Agreement against Madison One or, in the alternative, conduct a hearing to assess the extrinsic evidence and resolve the ambiguity identified in the agreement.

## STATEMENT OF FACTS

This matter having been previously briefed, the Court is respectfully referred to the Statement of Facts set forth in POP's March 15, 2010 memorandum of law in support of its motion to enforce the Settlement Agreement.

## ARGUMENT

## POINT I

### POP'S EXTRINSIC RELEVANT EXTRINSIC EVIDENCE SUBMITTED ON THE PRIOR MOTION WAS OVERLOOKED

The Court concluded that there was an inconsistency between paragraphs two (2) and three (3) of the Settlement Agreement and that this inconsistency rendered the agreement ambiguous on the point addressed. Where there are internal inconsistencies in a contract pointing to ambiguity, extrinsic evidence is admissible to determine the parties' intent. Fed. Ins. Co. v. America's Ins. Co., 258 A.D.2d 39, 43, 691 N.Y.S.2d 508 (1st Dept. 1999). Extrinsic evidence can consist of information regarding the parties' actions relevant to their intent at the time the contract was signed. 402 W. 38th St. Corp.

v. 485-497 Ninth Ave. Partners, LLC, 16 Misc.3d 1131(A) at *8, 847 N.Y.S.2d 901, 2007 WL 2429695 (New York Co. Sup. Ct. 2007).

Here, the Court concluded that paragraphs two (2) and three (3) have contradictory meanings regarding the duration of time that Madison One was prohibited from selling PCP. The Court found that paragraphs two (2) and three (3) are at odds because the former prohibits selling during the six (6) months following termination of POP's distributorship while the latter permits it. Upon finding an ambiguity, however, the Court overlooked the extrinsic evidence of the parties' agreement submitted by POP.

### A. KENNETH YEUNG'S AFFIDAVIT ESTABLISHED THAT THE PARTIES AGREED TO THE SIX-MONTH PROVISION DURING NEGOTIATIONS

Mr. Yeung's affidavit submitted with POP's motion (additional copy annexed as Exh. "B" to the instant motion) established that, during the February 1, 2008 meeting at which the Settlement Agreement was negotiated and signed, POP specifically requested a time period of an additional six (6) months after the termination of its exclusive distributorship during which Madison One would be prohibited from selling PCP or attempting to obtain the PCP distributorship from the manufacturer. (Yeung Aff. at ¶ 4). The affidavit further explains that, during the meeting, POP emphasized that the additional six-month period was critical to a settlement and that POP would not sign a settlement agreement unless it contained a provision prohibiting Madison One from selling PCP or pursuing the distributorship for an additional six (6) months. (Yeung Aff. at ¶ 5). Further, Mr. Yeung's affidavit describes Madison One's specific response to POP's insistence upon including the additional six-month period. Wina So, Madison

4

One's Chief Executive Officer representing the company at the meeting, departed the meeting room and conferred privately on this issue with Madison One's counsel. (Yeung Aff. at ¶ 5). Upon their return, Solstice accepted POP's proposal to include the additional six months in issue. (Yeung Aff. at ¶ 5). This extrinsic evidence of the parties' discussions resulting in the Settlement Agreement leaves no doubt that the parties assented to inclusion of the six-month period in issue.

Importantly, Madison One submitted a declaration from Wina So in response to POP's motion to enforce the Settlement Agreement (copy annexed to the instant motion as Exhibit "C"). Ms. So's declaration does dispute or even address Mr. Yeung's description of the negotiations. It does not contest or challenge Mr. Yeung's sworn statement that POP specifically requested the relevant six-month period and that Madison One agreed to that provision after conferring privately with counsel. Accordingly, the relevant extrinsic evidence is unequivocal that both parties agreed to the six-month provision.

POP respectfully submits that the Court is obligated to consider the above-referenced extrinsic evidence. The only conclusion that can reasonably be drawn from such evidence is that the parties agreed that Madison One could not sell PCP or pursue its distributorship during the disputed six-months and that the Settlement Agreement must be enforced against Madison One.

### B. THE COURT SHOULD NOT HAVE SUMMARILY DECLARED THE STIPULATION OF SETTLEMENT UNENFORCEABLE

If the Court is not inclined to enforce the agreement against Madison One based upon the affidavit of Mr. Yeung and the declaration of Ms. So then, at a minimum, a

5

hearing must be held to resolve the ambiguity found in the agreement based upon the parties' descriptions of the discussions that occurred during their February 1, 2008 meeting. The New York Court of Appeals has held that, if there is ambiguity in the terminology used and determination of the intent of the parties depends on the credibility of extrinsic evidence or on a choice among reasonable inferences to be drawn from extrinsic evidence, then such determination is to be made by the jury. Hartford Accident & Indemnity Co. v. Wesolowski, 33 N.Y.2d 169, 172, 350 N.Y.S.2d 895 (1973). Mr. Yeung's affidavit contains evidence of the parties' specific discussions about the disputed six-month provision which, if believed by the finder of fact, would resolve the ambiguity in the agreement in POP's favor. This evidence therefore warrants a hearing to assess its credibility. Dudick v. Gulyas, 4 A.D.3d 604, 770 N.Y.S.2d 924 (3d Dept. 2004) (Where an ambiguity exists that cannot be resolved without reference to extrinsic evidence, a summary determination is not appropriate); NFL Enterprises LLC v. Comcast Cable Communications, LLC, 51 A.D.3d 52, 61, 851 N.Y.S.2d 551 (1st Dept. 2008) (quoting Pepco Constr. Of N.Y., Inc. v. CNA Ins. Co., 15 A.D.3d 464, 465, 790 N.Y.S.2d 490 (2d Dept. 2005) ("Where...the language of a contract is ambiguous, its construction presents a question of fact which may not be resolved by the court on a motion for summary judgment").

It is also important to note that stipulations of settlement are judicially favored and should not be lightly cast aside. Byrne v. Nassau County Board of Elections, 307 A.D.2d 1053, 763 N.Y.S.2d 783 (2d Dept. 2003). Inasmuch as POP has submitted credible and admissible extrinsic evidence to support resolving the ambiguity in its favor, the Settlement Agreement should not have been summarily cast aside as unenforceable.

Rather, at a minimum, a hearing is required to resolve the ambiguity in the Settlement Agreement identified by the Court.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the instant motion for reconsideration be granted in its entirety, together will any other relief that this Court deems just and proper.

Dated: New York, New York
       January 28, 2011

                              YUEN ROCCANOVA SELTZER &
                              SVERD P.C.

                              By: _____
                                  Steven Seltzer
                              Counsel for Plaintiff and Counterclaim
                              Defendants
                              PRINCE OF PEACE ENTERPRISES, INC.
                              and KENNETH YEUNG
                              132 Nassau Street, Suite 1300
                              New York, New York 10038
                              (212) 608-1178

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

PRINCE OF PEACE ENTERPRISES, INC.,

                          Plaintiff,

    -against-

TOP QUALITY FOOD MARKET, LLC, A & C
SUPERMARKET, INC., FAVOR FOOD, INC. a/k/a
BEST QUALITY FOOD MARKET, W.J. INC. a/k/a
KAM CUI YAO CHOI HONG, MADISON ONE
ACME, INC. a/k/a SOLSTICE MEDICINE COMPANY,
MURRAY INTERNATIONAL TRADING CO., INC.,
WEI YOUNG, BOR WEN HUANG, CINDY SU a/k/a
KAUK YU SU, WAI HUNG NG, TU CHIN LIN,
XUIYAN HUANG, YINGHAI SHI and JOHN and
"JANE DOES, No. 1-50"

                         Defendants
---------------------------------------------------------------------X

Case No.
07 Civ. 00349 (RJH)

**AFFIDAVIT OF SERVICE**

MADISON ONE ACME, INC., a California corporation,
d/b/a SOLTICE MEDICINE CO.,

                        Counterclaimant,

    -against-

PRINCE OF PEACE ENTERPRISES, INC.,
And KENNETH YEUNG, an individual of California,
a/k/a YING SHUI YEUNG

                        Counterclaim Defendants.
_____

Former Case No.
07-CV-6195

STATE OF NEW YORK:
                ss:
COUNTY OF NEW YORK:

    I, Sumyi Li, being sworn, say:

1. I am not a party to the action, am over 18 years of age and reside in Kings County, State of New York.

2. On January 28, 2011, I served the within Plaintiff's Memorandum of Law in Support of Motion for Reconsideration by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Overnight Postal Service within New York State, addressed to the following person(s):

1.     Gary Philip Adelman
   Meister Seelig & Fein LLP
   140 E. 45th Street, FL 19
   New York, New York 10017-7143

2.     Xian Feng Zou
   Law Office of Xian Feng Zou
   13620 38th Avenue
   Suite 10D
   Flushing, New York 11354

_____
Sumyi Li

Duly sworn to before me
this 28th day of January, 2011.

_____

WINNIE LEE
Notary Public, State of New York
No. 01LE6007469
Qualified in New York County
Certificate Filed in New York County
Commission Expires May 18, 2014