UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----

PRINCE OF PEACE ENTERPRISES, INC.,

                        Plaintiff,

       -against-

TOP QUALITY FOOD MARKET, LLC, et al.,

                        Defendants.

07 Civ. 00349 (RJH) (FM)

**MEMORANDUM OPINION AND ORDER**

----

Richard J. Holwell, District Judge:

       Plaintiff Prince of Peace Enterprises, Inc. ("POP") moves for reconsideration of that portion of the Court's Memorandum Opinion and Order dated January 12, 2011, denying POP's motion to enforce its settlement agreement with defendant/counterclaimant Madison One Acme Inc., d/b/a Solstice Medicine Co. ("Solstice"). In that opinion, the Court held that POP and Solstice's February 1, 2008, settlement agreement was unenforceable because certain internally contradictory language precluded a finding that the parties had reached a meeting of the minds. *Prince of Peace Enterprises, Inc. v. Top Quality Food Market, LLC*, ___ F. Supp. 2d ___, 2011 WL 118245, at *9-11 (S.D.N.Y. Jan. 12, 2011). Specifically, the Court found that certain clauses in the agreement—both prohibiting Solstice to engage in selling activity for a six month period as well as permitting that activity in that period—were contradictory and ambiguous. *Id.* at 10. The Court also found both parties' interpretations, as explained in submitted affidavits and declarations, reasonable. *Id.* POP now moves for reconsideration, arguing that the Court overlooked certain extrinsic evidence contained in

1

the affidavits submitted in support of and in opposition to the prior motion tending to show that the parties had, in fact, reached an agreement concerning the facially contradictory language.

POP also moves to extend its time to file a notice of appeal of the Court's January 12 opinion. POP makes this request so that this Court will not be divested of jurisdiction to decide its pending motion for reconsideration due to POP's presumably anticipated appeal.

"Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Finkelstein v. Mardkha*, 518 F. Supp. 2d 609, 611 (S.D.N.Y. 2007) (internal quotation marks omitted). Under Local Civil Rule 6.3, reconsideration is appropriate if the court overlooked controlling decisions or factual matters which, had they been considered, might reasonably have altered the result of the underlying decision. *See Levine v. AtriCure, Inc.,* 594 F. Supp. 2d 471, 474 (S.D.N.Y.2009). To that end, "[a]ny controlling decisions or factual matters presented by a litigant for reconsideration must have been put before the Court in the underlying motion." *Padilla v. Maersk Line, Ltd.,* 636 F. Supp. 2d 256, 258 (S.D.N.Y. 2009). Alternatively, a court may grant such a motion to correct a clear error or prevent a manifest injustice. *Beljakovic v. Melohn Properties, Inc.*, 542 F. Supp. 2d 238, 244 (S.D.N.Y. 2005). Finally, "[a] motion for reconsideration is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved." *Finkelstein*, 518 F. Supp. 2d at 611 (internal quotation marks omitted).

POP directs the Court to the affidavit of its President and founder Keneth Yeung filed with its earlier motion. In that affidavit, Yeung states:

> 4. During the meeting POP explicitly and specifically told Ms. So and her counsel that POP requires a time period of an additional (6) six months after the termination of POP's exclusive distributorship during which Solstice would be prohibited from selling PCP . . . .
>
> 5. During the February 1, 2008 meeting, I specifically told Ms. So and her counsel that the additional six-month period was critical to a settlement and that POP would not sign a settlement agreement wunless it included an additional six (6) months during which Solstice was prohibited from selling PCP . . . . Mr. Yuen also stated to Ms. So and Mr. Drucker that there would be no settlement without Solstice's agreement that it would not sell PCP . . . for six (6) months after termination of POP's distributorship. At that point, Ms. So and Mr. Drucker exited the room for approximately fifteen (15) minutes to confer privately.
>
> 6. Upon their return, Ms. So and Mr. Drucker advised that they accepted our proposal.

(Yeung Aff. ¶¶ 4-6.) POP also alleges that the declaration of Solstice's executive, Wina So, does not refute Yeung's statements. Therein, So states:

> 7. Agreed Point No. 3 provides: "[Solstice] can sell after termination ~~period~~ of distributorship mentioned in ¶ 2."
>
> 8. I specifically crossed out the word "~~period~~" in Agreed Point No. 3 because I wanted to make it clear that [Solstice] would be able to sell after the termination of POP's distributorship and not after any termination period.
>
> . . .
>
> 13. *I would not have agreed to any contract term that prohibited Solstice from selling PCP for a six month period after termination of POP's distributorship and that is why I made sure in Agreed Point 3 that Solstice has the specific right to sell PCP immediately after the termination of POP's distributorship.*

(So Decl. ¶¶ 7-8, 13. (emphasis added).)

POP contends that the Court did not consider this extrinsic evidence in its opinion of January 12, 2011. Yet in that opinion, the Court stated,

> [P]aragraphs "2." and "3." are at odds; the former prohibits selling during the relevant six months while the latter permits it. Moreover, the parties' alleged understandings of that prohibition or permission are incompatible. POP assures the Court that "POP would not sign a settlement agreement unless it included an additional six (6) months during which Solstice was prohibited from selling PCP." (Yeung Aff. ¶ 5.) Yet Solstice is equally adamant that "[Solstice] would not have agreed to any contract term that prohibited Solstice from selling PCP for a six month period after termination of POP's distributorship." (So Decl. ¶ 13.)

*Prince of Peace*, 2011 WL 118245, at *10. Thus the Court expressly considered the evidence POP highlights in its motion. As such, POP's motion for reconsideration is denied, and the Court reaffirms its earlier decision. *Finkelstein*, 518 F. Supp. 2d at 611.

POP also argues that the Court "must" hold a hearing to resolve the settlement agreement's ambiguity, and that the agreement "should not have been summarily cast aside." The Court, however, neither summarily cast the agreement aside nor resolved the ambiguity on summary judgment or indeed at all. In that opinion the Court ruled on the agreement's enforceability, not on its meaning. Drafting enforceable agreements in the first instance is not the Court's obligation. If POP wishes to make any further motions or pursue and further legal avenues, it may do so at the status conference currently scheduled for March 18, 2011, at 10:30 a.m.[1]

Accordingly POP's motion for reconsideration is DENIED in its entirety. POP's motion to extend time is GRANTED and POP's time to file its notice of appeal is extended to and including April 1, 2011. The Clerk of the Court is directed to close these motions **[106, 110]**.

---

[1] Presumably, if POP chooses to pursue an appeal prior to the date of the conference, no conference will be had.

4

SO ORDERED

Dated: New York, New York
February 16, 2011

Richard J. Holwell
United States District Judge