```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
PRINCE OF PEACE ENTERPRISES, INC.,  :   07 Civ. 349 (LAP)
                                    :
              Plaintiff,            :   ORDER ADOPTING REPORT &
                                    :   RECOMMENDATION IN PART
         v.                         :
                                    :
TOP QUALITY FOOD MARKET, LLC,       :
et al.,                             :
                                    :
              Defendants.           :
                                    :
------------------------------------X
```

LORETTA A. PRESKA, Chief United States District Judge:

  Plaintiff Prince of Peace Enterprises, Inc. ("POP") commenced this action against Defendants A&C Supermarket, Inc., Tu Chin Lin, Xuiyan Huang, and Yinghai Shi (collectively, "A&C Defendants"), and others, alleging that they infringed POP's registered trademarks by selling herbal supplements bearing the Po Chai Pills ("PC Pills") trademark. (See Complaint, dated Jan. 16, 2007 [dkt. no. 1]). After securing an ex parte seizure order from former United States District Judge Richard J. Holwell, POP caused the United States Marshals Service to remove ninety-six boxes of the allegedly infringing goods from the premises of A&C on January 28, 2007. (Aff. of Tu Chin Lin, dated May 31, 2011 [dkt. no. 118], ¶ 3.)  Judge Holwell subsequently vacated the seizure order. (See Memorandum Opinion and Order, dated Mar. 7, 2007 [dkt. no. 24], 11.)

As a result, on April 20, 2007, A&C Defendants asserted a counterclaim for the damages allegedly resulting from POP's wrongful seizure.  (See Answer to Amended Complaint with Counterclaim, dated Apr. 20, 2007 [dkt. no. 40] (the "Counterclaim").)  Judge Holwell later determined that A&C could recover damages because the POP-initiated seizure was unwarranted and referred the matter to Magistrate Judge Frank Maas for an inquest to determine the amount of such damages. (See Memorandum Opinion and Order, dated Jan. 14, 2011 [dkt. no. 105], 23.)

On February 28, 2014, Judge Maas issued his Report and Recommendation.  (See Report and Recommendation, dated Feb. 28, 2014 [dkt. no. 158] (the "Report").)  The Report noted that the parties should file any objections within fourteen days of February 28, 2014.  (Id.)  POP subsequently filed its objections to the Report on March 17, 2014.  (Plaintiff's Objections to the February 27, 2014 Report and Recommendation, dated Mar. 18, 2014 [dkt. no. 160] (the "Objections").)  POP challenges the Report's conclusion that A&C Defendants are entitled to an award of prejudgment interest on attorney's fees at the rate and for the timeframe prescribed by statute.  (See infra II.A.)  A&C Defendants assert POP's Objections should be rejected as untimely but do not address the substance of those Objections.

(See Motion for Report and Recommendation to be Confirmed and Motion for Judgment, dated Oct. 24, 2014 [dkt. no. 161] ("Motion for Judgment").)[1]

For the reasons discussed below, this Court ACCEPTS POP's Objections and accordingly DECLINES to grant A&C Defendants prejudgment interest on the attorney's fees award of $22,343.00.  A&C Defendants are, however, entitled to prejudgment interest calculated at a simple rate on A&C Defendants' $192.00 damages award for products seized and not returned.  The Report [dkt. no. 158] is ADOPTED in all other respects than those explicitly identified herein.  A&C Defendants' Motion for Judgment [dkt. no. 161] is therefore partially GRANTED and partially DENIED.[2]

---

[1] The Court notes that the Motion for Judgment [dkt. no. 161] is terminated, per the Electronic Case Files system ("ECF"), due to a filing error (electronic filing of a non-ECF document).  The Court is in receipt of the Motion, and this Order treats it as pending and resolves that Motion here.

[2] In the present action, as in the inquest before Judge Maas, Plaintiff POP is the Counterclaim Defendant, and A&C Defendants are Counterclaim Plaintiffs.  However, for ease of reference and in order to maintain consistency with prior decisions, this Order refers to the parties as POP and A&C Defendants.

I.   WAIVER

The Report, issued February 28, 2014, directed that any objections be submitted within fourteen business days, i.e., by March 14, 2014. A&C Defendants claim POP's Objections are time-barred because they were filed on March 18, 2014.

A&C Defendants' waiver argument fails. Pursuant to 28 U.S.C. § 636(b)(1) the parties had "fourteen days after being served with a copy ... [to] serve and file written objections ..." and in this situation Federal Rule of Civil Procedure 6(a) would ordinarily require service of any objection by March 14, 2014. See Fed. R. Civ. Pro. ("Rule") 6(a). However, Rule 6(d) provides a party with an additional three days to serve and file an objection when service is effectuated by electronic means. See Rule 6(d); see also Rule 5(b)(2)(E). Because the Report was delivered by "electronic means" via ECF the deadline to submit objections extended to March 17, 2014, and, notwithstanding POP's initially filing its Objections under the incorrect ECF "event category," this Court has held that electronic docketing difficulties cannot cause parties to lose "any right because of a nonwillful failure to comply." Dandong v. Pinnacle Performance Ltd., 2012 WL 4793870, *1 n.2 (S.D.N.Y. 2012). Therefore, although POP initially filed its Objections under the wrong ECF "event category" on March 17, 2014, and re-filed the

4

same document under the correct category on March 18, 2014, the Court considers March 17, 2014, to be the relevant filing date.

Accordingly, A&C Defendants' request to bar POP's Objections based on untimely filing is rejected, and that part of A&C Defendants' Motion to Confirm is DENIED.  To the extent there are any outstanding waiver issues related to the filing of POP's Objections, those arguments are hereby rejected in the interests of justice and judicial economy.

II.  PREJUDGMENT INTEREST

The parties agree with the Report's conclusion that A&C Defendants are entitled to $192.00 in damages and $22,343.00 in attorney's fees, a total of $22,535.00.  This Court ADOPTS the Report and GRANTS A&C Defendants' Motion to Confirm in that respect.  However, POP objects to the Report's award of prejudgment interest:

> [T]he A&C Defendants are entitled to an award of prejudgment interest at a rate equal to the sum of the "Federal short-term rate" determined by the Secretary of the Treasury, plus three percentage points, 26 U.S.C. § 6621(a)(2)(A)-(B), (b), from April 20, 2007, when their Counterclaim was filed, through the date judgment is entered.

(Report at 22.)  The Report did not specify whether prejudgment interest should apply to the award of $192.00 in damages, the $22,343.00 in attorney's fees, or both.  This Court therefore proceeds from the most cautious reading of the Report: that it

5

concludes A&C Defendants are entitled to prejudgment interest, at the applicable rate and for the relevant time period, for the entire $22,535.00 award.

POP contends A&C Defendants are entitled to prejudgment interest only on damages and not on attorney's fees. A&C Defendants, based on the Report, request prejudgment interest on the total $22,535.00 award in the amount of $17,352.07.[3]  (Motion to Confirm at 2.)

A. Attorney's Fees

Under the Lanham Act "[a] person who suffers damage by reason of a wrongful seizure" is entitled "unless the court finds extenuating circumstances, to recover a reasonable attorney's fee."  15 U.S.C. § 1116(d)(11).  For such injuries, it is also within the court's discretion to award prejudgment interest "at an annual interest rate established under section 6621(a)(2) of Title 26."  Id.  The Counterclaim requests relief under § 1116(d)(11) (Counterclaim ¶¶ 13, 14), and the Report cites § 1116(d)(11) at the outset of its "Discussion" section (Report at 7) but appears to rely on a different section of the Lanham Act, § 1117(b)(2), in awarding prejudgment interest to

---

[3] Calculated based on 4.90%, the annual Federal short-term rate for April 2007, plus three percentage points.

A&C Defendants (see, Report at 22). Prejudgment interest is discussed below in greater detail. (See infra II.B.)

§ 1116(d)(11) and § 1117(b) operate similarly as it relates to awarding attorney's fees and, by extension, prejudgment interest (on those fees and/or other relief), but there is an important distinction between the two. Starting with the notable similarity, each provision directs the court to award attorney's fees "unless the court finds extenuating circumstances" if certain conditions are met. 15 U.S.C. §§ 1116(d)(11), 1117(b)(2). The distinction is those predicates: under § 1116(d)(11) "suffer[ing] damage by reason of a wrongful seizure"; under § 1117(b)(2) "any violation of section 1114(1)(a) of this title or section 220506 of Title 36, in a case involving use of a counterfeit mark or designation (as defined in section 1116(d) of this title)." Another difference is that section 1117(b) also requires treble damages, again "unless the court finds extenuating circumstances." Based on a review of the statute—and for reasons discussed below (see infra II.B)—this Court finds § 1116(b)(11) is applicable here.

The similarities and differences between § 1116(d)(11) and § 1117(b)(2) provide context, and carry implications, for the discussion of prejudgment interest on attorney's fees in II.B. For the avoidance of doubt: the Report's recommended

7

award of attorney's fees in the amount of $22,343.00 is ADOPTED pursuant to § 1116(d)(11), as requested by A&C Defendants (Counterclaim ¶¶ 13, 14), cited in the Report's Discussion (Report at 7), and based on applicable law.

B. <u>Prejudgment Interest on Attorney's Fees</u>

The Court ACCEPTS POP's Objections and finds that an award of prejudgment interest on attorney's fees is unwarranted here. As a preliminary matter, the Court grants all appropriate relief to A&C Defendants pursuant to § 1116(d)(11) and concludes that the Report's citation to section § 1117(b)(2) (<u>see</u> Report at 22) in awarding prejudgment interest was a clerical error. The Court makes this finding based on its analysis of the statute (<u>see</u> <u>infra</u> II.A at 6-7) and also for the following reasons: A&C's Counterclaim is based on § 1116, not § 1117; the Report begins its analysis under § 1116 (<u>see</u> Report at 7); and because the Report does not consider awarding A&C Defendants treble damages as required by § 1117(b)(2). Moreover, the similarity between § 1116(d)(11) and § 1117(b)(2),[4] coupled with

---

[4] The Report's citation to section 1117(b)(2) could have been a clerical error. Although there are differences between sections 1116(d)(11) and 1117(b)(2), as discussed in II.A, the two share a common approach to attorney's fees and contain nearly identical language regarding awards of prejudgment interest: "[T]he court [in its discretion] may award prejudgment interest" based on the conditions set forth under each section "at an annual interest rate established under section 6621(a)(2) of Title 26" (cont'd on next page)

8

the fact that POP (but not A&C Defendants' Counterclaim, at issue here) initially sought relief under § 1117(b) (see Amended Complaint, dated Mar. 9, 2007 [dkt. no. 25], ¶ 55), may have caused confusion. Regardless, the weight of case law and practicality favor declining to award prejudgment interest on the $22,343.00 in attorney's fees awarded to A&C Defendants.

In Wickham Contracting Co., Inc. v. Local Union No. 3, IBEW, the Court of Appeals provided a framework for determining when discretionary awards of prejudgment interest are warranted. Wickham Contracting Co., Inc. v. Local Union No. 3, IBEW, 955 F.2d 831, 833-34 (2d Cir. 1992). The Court of Appeals' distillation of Supreme Court law addressing the topic finds that such an award "should be a function of (i) the need to fully compensate the wronged party for actual damages suffered, (ii) considerations of fairness and the relative equities of the award, (iii) the remedial purpose of the statute involved, and/or (iv) such other general principles as are deemed relevant by the court." Id. In short, an award of prejudgment interest is appropriate when "fair, equitable and necessary to compensate

---

(cont'd from previous page) from date of service of the claim to the date of judgment "or for such shorter time as the Court finds appropriate." 15 U.S.C. §§ 1116(d)(11), 1117(b)(2). (Bracketed language appears in § 1116(d)(11) only.)

the wronged party fully." Id. at 835. Although Wickham addressed courts' discretion in awarding prejudgment interest generally, the Court of Appeals' rubric has been applied in the specific context of attorney's fees. See, e.g., Barcia v. Sitkin, 1997 WL 66785, *3-4 (S.D.N.Y. 1997).

In that setting, a pattern emerges: courts have found prejudgment interest on attorney's fees appropriate where court-awarded attorney's fees are the sole means of compensation for counsel and interest is necessary to bridge any gap associated with lost time value of money and/or opportunity cost, or to incentivize certain types of litigation. The previous sentence is effectively a more detailed euphemism for "civil rights litigation," the setting in which awarding prejudgment interest on attorney's fees is a generally accepted practice. See, e.g., Missouri v. Jenkins, 491 U.S. 274, 282-83 (1989) (holding that where an attorney represents a civil rights plaintiff under 42 U.S.C. § 1988 and does not receive compensation until years after the services were rendered, a district court may consider the delay in payment as one factor in determining an appropriate award of attorney's fees); Barcia, 1997 WL at *4 (providing examples of courts awarding prejudgment interest on attorney's fees in various instances of civil rights litigation.) Indeed, awarding prejudgment interest on attorney's fees outside the

10

civil rights context is "clearly not the norm." Sherwood Brands of Rhode Island, Inc. v. Smith Enterprises, Inc., 2003 WL 22061871, *2 (D.R.I. 2003) (quoting Data Gen. Corp. v. Grumman Sys. Support Corp., 825 F.Supp 361, 368 (D.Mass. 1993)); see also Rini v. United Van Lines, Inc., 903 F.Supp. 234, 239 (D.Mass. 1995) ("[L]ittle precedent exists for an award of prejudgment interest on attorney's fees and costs, except in civil rights cases.").

Courts in this Circuit have invoked that rationale, citing Sherwood, in declining to award prejudgment interest on attorney's fees in Lanham Act cases. See, e.g., Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Kun Fung USA Trading Co. Inc., et al., 2012 WL 1414872, *10 (E.D.N.Y. 2012);[5] Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Star Mark Management, Inc., 2009 WL 5185808, *10 (E.D.N.Y. 2009). The Court notes that both Koon Chung Hing Kee Soy & Sauce Factory cases and Sherwood were based on causes of action under § 1117(b)(2); and, as this Court explicitly states above, any and all damages awarded to A&C

---

[5] The Court notes that the Yuen Roccanova Selver & Sverd LLP law firm, which represents POP in the present action, represented Koon Chung Hing Kee Soy & Sauce Factory in its suit against Kun Fung USA Trading Co. In that case, Koon Chung Hing Kee Soy & Sauce Factory's application for an award of prejudgment interest on attorney's fees was rejected for many of the same reasons POP now advances in support of its contention that A&C Defendants should not receive such an award here.

11

Defendants are pursuant to § 1116(d)(11). It is also not lost on the Court that § 1117(b)(2), unlike § 1116(d)(11), requires trebling any "profits or damages" and that "together with a reasonable attorney's fee" could make awarding prejudgment interest on that attorney's fee seem like a windfall. At the least, treble damages would seem to decrease the probability that an award of prejudgment interest on attorney's fees is necessary to compensate the aggrieved party adequately. 15 U.S.C. § 1117(b)(2). That distinction does not preclude partial reliance on the Koon Chung Hing Kee Soy & Sauce Factory cases, Sherwood, and other section 1117(b)(2) cases where courts declined to award prejudgment interest on attorney's fees because the law on this topic draws from cases featuring a variety of causes of action.

An award of prejudgment interest on attorney's fees, and this Court's decision not to make such an award here, is premised on a variety of factors, considerations, and patterns present in cases considering prejudgment interest in different contexts; indeed, Wickham's framework is an amalgamation of Supreme Court decisions on prejudgment interest in various contexts. Analyzing the present motion in light of Wickham's factors and the other cases listed above supports the conclusion that an award of prejudgment interest on attorney's fees is not

warranted here.  An award of attorney's fees is not, as in the civil rights context, the only means by which A&C Defendants' counsel is compensated.  Presumably counsel bill on a periodic basis for work completed during the course of this litigation, and accordingly there is no need to compensate counsel on the basis of lost time value of money or opportunity cost; moreover, because the fees were incurred incrementally over a period of time practically it would be very difficult to calculate interest on each component of the total fee.  See Sherwood, 2003 WL at *3.  Awarding prejudgment interest on attorney's fees would also seem disproportionate given the Report's relatively minimal award of $192.00 in compensatory damages and rejection of additional claims based on lost profits and punitive damages (see Report at 7-9) and, in this Court's judgment, greater than what is required to serve the remedial purposes of the statute involved.

C. Prejudgment Interest on Damages Award

POP's Objections also request that the Court award A&C Defendants simple, rather than compounded, interest on the $192.00 award in damages.  The Report does not specify how the prejudgment interest should be calculated, and A&C Defendants take no position on the matter.

13

"As with other aspects of prejudgment interest, the Court has broad discretion to determine whether interest should be compounded." Gordon v. Site 16/17 Development, LLC, 2011 WL 3251520, *3 (S.D.N.Y. 2011); see also Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse Corp., 689 F.Supp.2d 585, 625-26 (S.D.N.Y. 2010). Prejudgment interest has "traditionally been calculated as simple interest and there is no discernible reason for treating interest on Lanham Act claims any differently." Sherwood, 2003 WL at *3. "Although the IRS statute provides that interest should be compounded daily, 26 U.S.C. § 6622(a), most courts that have applied the IRS rate have not compounded prejudgment interest daily." Gordon, 2011 WL at *3; see also Sherwood, 2003 WL at *3 ("§ 6622(a) does provide for daily compounding of 'interest required to be paid under [the Internal Revenue Code] ...' but prejudgment interest on a Lanham Act claim is not an amount required to be paid under the Internal Revenue Code.").

In keeping with courts' general approach and considering the Report's and A&C Defendants' silence with respect to how interest is calculated, this Court finds that A&C Defendants are entitled to simple, not compounded, interest on its $192.00 damages award for products seized but not returned. In the interest of justice, to prevent a windfall due to the time period between the Report and this Order, the Court awards

14

prejudgment interest from the date A&C Defendants filed their Counterclaim, April 20, 2007, to the date the Report was issued, February 28, 2014. See 15 U.S.C. § 1116(d)(11) ("The court in its discretion may award prejudgment interest on relief recovered under this paragraph ... commencing on the date of service of the claimant's pleading setting forth the claim under this paragraph and ending on the date such recovery is granted, <u>or for such shorter time as the court deems appropriate</u>.") (emphasis added).

III. CONCLUSION

    For the reasons above, A&C Defendants are awarded $22,535.00, consisting of $192.00 for products seized but not returned and attorney's fees in the amount of $22,343.00. A&C Defendants are also entitled to prejudgment interest on the $192.00 award, pursuant to 26 U.S.C. § 6621(a)(2), from the date their Counterclaim was filed, April 20, 2007, to the date the Report was issued, February 28, 2014, equal to the Federal short-term rate determined by the Secretary of the Treasury plus three percentage points; interest is to be calculated at a simple, not compounded, rate. The Court ACCEPTS POP's Objections and DECLINES to award prejudgment interest on the $22,343.00 award of attorney's fees. All awards are made pursuant to § 1116(d)(11).

Having resolved POP's Objections and finding Judge Maas' decision to be correct and appropriate upon de novo review, see Fed. R. Civ. P. 72(b), in all respects except those described above, his Report and Recommendation is hereby ADOPTED in all other respects. A&C Defendants' Motion for Judgment [dkt. no. 161] is therefore partially GRANTED and partially DENIED.

The Clerk of the Court is hereby direct to calculate interest and enter judgment as described herein and to mark this matter as closed.

SO ORDERED.

Dated:   New York, New York
         January 30, 2015

                                    _____
                                    LORETTA A. PRESKA
                                    Chief U.S. District Judge